NO. 07-04-0425-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 26, 2004

______________________________

ROBERT LEE OCANAS,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 181
st
 DISTRICT COURT OF POTTER COUNTY;

NO. 2003-47,903-B; HON. JOHN B. BOARD, PRESIDING

_______________________________

ABATEMENT AND REMAND

_______________________________

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Appellant Robert Lee Ocanas appeals his conviction of conspiracy to commit murder.  The appellate record is due in this cause.  However, this Court received notification by letter suggesting that appellant lacks sufficient economic means to pay for it.  

Accordingly, we now abate this appeal and remand the cause to the 181
st
 District Court of Potter County (trial court) for further proceedings.  Upon remand, the trial court shall  immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following: 

      1.  whether appellant desires to prosecute the appeal; 

      2.  whether appellant is indigent; and, 

3.  whether the appellant is entitled to appointed counsel and a free appellate record. 

The trial court shall cause the hearing to be transcribed.  So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk’s record containing the findings of fact and conclusions of law and all orders it may issue as a result of its hearing on this matter, and 3) cause to be developed a supplemental reporter’s record transcribing the evidence and arguments presented at the aforementioned hearing.  Should it be determined that appellant wishes to prosecute the appeal, is indigent, and is entitled to an appointed attorney and has no counsel, then the trial court shall appoint counsel to him, unless appellant knowingly and voluntarily waives counsel.  Furthermore, the name, address, and phone number of any counsel appointed by the trial court to represent appellant shall be included in the supplemental record.  The trial court shall also file both supplemental records with the clerk of this court on or before November 29, 2004.  Should further time be needed by the trial court to perform these tasks, then it must be requested before November 29, 2004. 

      It is so ordered. 

Per Curiam 

Do not publish.